IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalishwar Das,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Mr. Rajesh Hassani, *President, Pushpa Inc.*;  )<br>Pushpa Inc.; U.S. Department of Labor, Wage  )<br>and Hour Division,  )<br>)<br>Defendant.  )<br>_____  ) | C/A No. 0:19-1290-JMC-PJG<br><br><br><br><br>**ORDER** |

The plaintiff, a self-represented litigant, filed this civil action and the defendants subsequently removed the case from the York County Court of Common Pleas. Defendants Hassani and Pushpa, Inc. filed a motion to dismiss on May 8, 2019, pursuant to the Federal Rules of Civil Procedure. (ECF No. 6.) As the plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on May 9, 2019, advising the plaintiff of the

importance of a motion to dismiss and of the need for him to file an adequate response.[1] (ECF No. 7.) The plaintiff was specifically advised that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case.

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the plaintiff has failed to respond to the motion.[2] As such, it appears to the court that he does not oppose the motion and wishes to abandon this action.

Based on the foregoing, it is

**ORDERED** that the plaintiff shall advise the court as to whether he wishes to continue with this case and to file a response to the defendants' motion to dismiss within fourteen (14) days from

---

[1] The plaintiff appealed this order to the United States Court of Appeals for the Fourth Circuit. Accordingly, the court must determine whether it has jurisdiction to adjudicate the pending motions in light of the plaintiff's appeal. "[W]hile the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal [,]' the district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)); accord 16A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3949.1 (4th ed.) ("The weight of authority holds that an appeal from a clearly non-appealable order fails to oust district court authority; older cases holding to the contrary have been rejected.") (footnotes omitted). Here, the plaintiff appealed a non-final order for which no right to appeal has been triggered. Moreover, the plaintiff did not obtain a certificate of appealability from this court to pursue an appeal from an interlocutory or collateral order. See, e.g., Poux v. FCI Bennettsville SC, 418 F. App'x 157 (4th Cir. 2011) (dismissing appeal of order staying discovery for lack of jurisdiction because the order was neither a final order nor an appealable interlocutory or collateral order). Accordingly, the court retains jurisdiction over this matter.

[2] The plaintiff did subsequently file a motion seeking to remand his case to state court, but this motion fails to address the defendants' arguments raised in their motion to dismiss. (ECF No. 9.) While the plaintiff makes arguments in opposition to the defendants' motion to dismiss in his notice of appeal to the Fourth Circuit, such arguments have not been properly presented to the district court. Accordingly, the plaintiff is directed to file any response to the defendants' motion as a properly titled and captioned pleading in the United States District Court if he wishes those arguments to be considered by this court.

*PJG*

the date of this order.  The plaintiff is further advised that if he fails to respond, **this action may be recommended for dismissal with prejudice for failure to prosecute and failure to comply with an order of the court.**  See <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 26, 2019
Columbia, South Carolina