MIME-Version:1.0 From:SCDEfilingstat@scd.uscourts.gov To:scd_ecf_nef@localhost.localdomain
Bcc: Message-Id:<9125645@scd.uscourts.gov>Subject:Activity in Case 0:19-cv-01290-JMC-PJG Das
v. Hassani et al Order Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

### U.S. District Court

### District of South Carolina

**Notice of Electronic Filing**
The following transaction was entered on 6/26/2019 at 11:24 AM EDT and filed on 6/26/2019

| | |
|---|---|
| **Case Name:** | Das v. Hassani et al |
| **Case Number:** | 0:19-cv-01290-JMC-PJG |
| **Filer:** | |
| **Document Number:** | 27 |

**Docket Text:**
**ORDER directing the plaintiff to advise the court as to whether he wishes to continue with this
case and to file a response to the defendants' [6] motion to dismiss within fourteen (14) days
from the date of this order. The plaintiff is further advised that if he fails to respond, this action
may be recommended for dismissal with prejudice for failure to prosecute and failure to comply
with an order of the court. (Response to motion due by 7/10/2019. Add an additional 3 days only
if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45.) Signed by
Magistrate Judge Paige J. Gossett on 6/26/2019. (bgoo)**

**0:19-cv-01290-JMC-PJG Notice has been electronically mailed to:**
John M Montgomery    mmontgomery@robinsongray.com, cmoore@robinsongray.com,
cwerner@robinsongray.com, dcrutchfield@robinsongray.com, rowens@robinsongray.com,
tbarnes@robinsongray.com
Matthew Robert Korn    mkorn@fisherphillips.com, dfyfe@fisherphillips.com,
jdelman@fisherphillips.com, rtuska-butler@fisherphillips.com, sohrin@fisherphillips.com
Vordman Carlisle Traywick    ltraywick@robinsongray.com, rowens@robinsongray.com
**0:19-cv-01290-JMC-PJG Notice will not be electronically mailed to:**
Kalishwar Das
1505 The Crossing
Rock Hill, SC 29732

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091130295 [Date=6/26/2019] [FileNumber=9125643-0
] [acf4d9d4523a192febc909999a4204488ab0cef6322bfb09db7621f8405822b59fd
ca900a5a67cf514f79ec7941e65495a5737e29b5908c9bb0dc53f8d0668f7]]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalishwar Das, ) | C/A No. 0:19-1290-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Mr. Rajesh Hassani, *President, Pushpa Inc.*; ) | |
| Pushpa Inc.; U.S. Department of Labor, Wage ) | |
| and Hour Division, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, a self-represented litigant, filed this civil action and the defendants

subsequently removed the case from the York County Court of Common Pleas. Defendants Hassani

and Pushpa, Inc. filed a motion to dismiss on May 8, 2019, pursuant to the Federal Rules of Civil

Procedure. (ECF No. 6.) As the plaintiff is proceeding *pro se*, the court entered an order pursuant

to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on May 9, 2019, advising the plaintiff of the

*PJG*

importance of a motion to dismiss and of the need for him to file an adequate response.[1]  (ECF No.

7.)  The plaintiff was specifically advised that if he failed to respond adequately, the defendants'

motion may be granted, thereby ending his case.

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order,

the plaintiff has failed to respond to the motion.[2]  As such, it appears to the court that he does not

oppose the motion and wishes to abandon this action.

Based on the foregoing, it is

**ORDERED** that the plaintiff shall advise the court as to whether he wishes to continue with

this case and to file a response to the defendants' motion to dismiss within fourteen (14) days from

---

[1] The plaintiff appealed this order to the United States Court of Appeals for the Fourth
Circuit. Accordingly, the court must determine whether it has jurisdiction to adjudicate the pending
motions in light of the plaintiff's appeal. "[W]hile the filing of a notice of appeal 'confers
jurisdiction on the court of appeals and divests the district court of control over those aspects of the
case involved in the appeal [,]' the district court does not lose jurisdiction when the litigant takes an
appeal from an unappealable order." United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010)
(quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)); accord 16A Charles A.
Wright & Arthur R. Miller, Federal Practice and Procedure § 3949.1 (4th ed.) ("The weight of
authority holds that an appeal from a clearly non-appealable order fails to oust district court
authority; older cases holding to the contrary have been rejected.") (footnotes omitted). Here, the
plaintiff appealed a non-final order for which no right to appeal has been triggered. Moreover, the
plaintiff did not obtain a certificate of appealability from this court to pursue an appeal from an
interlocutory or collateral order. See, e.g., Poux v. FCI Bennettsville SC, 418 F. App'x 157 (4th Cir.
2011) (dismissing appeal of order staying discovery for lack of jurisdiction because the order was
neither a final order nor an appealable interlocutory or collateral order). Accordingly, the court
retains jurisdiction over this matter.

[2] The plaintiff did subsequently file a motion seeking to remand his case to state court, but
this motion fails to address the defendants' arguments raised in their motion to dismiss. (ECF No.
9.) While the plaintiff makes arguments in opposition to the defendants' motion to dismiss in his
notice of appeal to the Fourth Circuit, such arguments have not been properly presented to the
district court. Accordingly, the plaintiff is directed to file any response to the defendants' motion
as a properly titled and captioned pleading in the United States District Court if he wishes those
arguments to be considered by this court.

*PJG*

the date of this order. The plaintiff is further advised that if he fails to respond, **this action may be recommended for dismissal with prejudice for failure to prosecute and failure to comply with an order of the court.** See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

   **IT IS SO ORDERED.**


                                        Paige J. Gossett
                                        UNITED STATES MAGISTRATE JUDGE

June 26, 2019
Columbia, South Carolina

## York County Sheriff's Office

STATE OF SOUTH CAROLINA          ☐ IN THE COURT OF COMMON PLEAS

YORK COUNTY                      ☐ IN THE FAMILY COURT

**CASE # 2019CP461187**

**PLAINTIFF**
**KALISHWAR DAS**

**DEFENDANT**
**RAJESH HASSANI**

The undersigned ___Tim Smith___ being duly sworn, says he or she served the

**CIVIL ACTION COVERSHEET, SUMMONS AND COMPLAINT, and LIST OF ATTACHMENTS**

___X___ By delivering the same to **RAJESH HASSANI**

_____ A person of suitable age and of proper discretion residing in the same residence and   such residence at the time of service.
_____ A person of discretion at the place of business of the Subject.
_____ At its place of business:
and leaving with him (her) one copy of the same at:

At __1110__ on the __9th__ day of __April__ __2019__
And that he (she) knows the person so served to be the subject mentioned and described in the pleading(s) the Deponent is not a party to nor interested in the action.

**749 ALBRIGHT RD.**
**ROCK HILL, SC 29730**

_____
Deputy Sheriff

Sworn to me this __9th__ day of __April__, **2019**

_____
Notary Public for S.C.

__April 23, 2023__
My Commission Expires

ENTERED IN SHERIFF'S OFFICE
ON____0600____
KEVIN TOLSON, SHERIFF
ON____4/4/2019____

## York County Sheriff's Office

STATE OF SOUTH CAROLINA     ☐ IN THE COURT OF COMMON PLEAS

YORK COUNTY     ☐ IN THE FAMILY COURT

**CASE # 2019CP461187**

**PLAINTIFF**
**KALISHWAR DAS**

**DEFENDANT**
**PUSHPA INC.**

The undersigned ___Tim Smith___ being duly sworn, says he or she served the

**CIVIL ACTION COVERSHEET, SUMMONS AND COMPLAINT, and LIST OF ATTACHMENTS**

___X___ By delivering the same to **RAJESH HASSANI as Registered Agent for PUSHPA INC.**

_____ A person of suitable age and of proper discretion residing in the same residence and   such residence at the time of service.
_____ A person of discretion at the place of business of the Subject.
_____ At its place of business:
and leaving with him (her) one copy of the same at:

At __11.10__ on the __9th__ day of ___April___ 2019
And that he (she) knows the person so served to be the subject mentioned and described in the pleading(s) the Deponent is not a party to nor interested in the action.

**749 ALBRIGHT RD.**
**ROCK HILL, SC 29730**

_____
Deputy Sheriff

Sworn to me this __9th__ day of __April__, 2019

_____
Notary Public for S.C.

__April 23, 2025__
My Commission Expires

ENTERED IN SHERIFF'S OFFICE
ON ___0600___
KEVIN TOLSON, SHERIFF
ON ___4/4/2019___



**Richland County Sheriff's Department**

**AFFIDAVIT OF SERVICE**
**or NON-SERVICE**

APR 1 0 2019

| | |
|---|---|
| Date Entered: | 04/09/2019 |
| File Number: | C201902193 |
| DSS Number: | 0 |
| Foreign Case #: | |
| 2019CP4601187 | |

STATE OF SOUTH CAROLINA     )     **Date** _____
COUNTY OF RICHLAND          )

| **Plaintiff** | Kalishwar Das     1505 The Crossing   Rock Hill, SC 29732 |
|---|---|
| | Phone: (803)370-2344 Work: |

| **Defendant(s)** | US Dept. of Labor  Wage & Hour Division  1701 Senate St.  Columbia, SC 29201 |
|---|---|
| | Phone:  Work: |

PERSONALLY APPEARED Before Me _____*P. Wilkes*_____ , duty sworn says that he/she served, or attempte
to serve, the following civil paper(s):

Summons & Complaint                    1

on the defendant, *US Dept. of Labor / Wages Hour Division* ,as follows:

( )  By personally handing the process to the defendant at _____ , _____ , SC
                                                              (Street)                    (City)
on _____ .
        (Date/Time)

( )  By handing the process to _____ at _____ ,
                              (Name of Person Served/Relationship)        (Street)
_____ ,SC on _____ , a person of suitable age and discretion then residing in
     (City)                      (Date/Time)
the defendant's usual place of abode.

(✓) By handing the process to *Nicholas Barron* ( the registered corporate agent )or officer of the company at
                            (Name of Person Served/Company Name)
*1835 Assembly St.* , *Columbia* , SC on *04/23/19 - 9:23* *Am* and leaving him/her a copy.
   (Street)              (City)                  (Date/Time)

( )  WAS UNABLE to locate and serve the above process on the defendant, after diligent efforts by checking the City/Telephone
     Directory, and going to the address given for the defendant, and by questioning persons in the vicinity of the address.
     THE PROCESS IS RETURNED UNEXECUTED.

( )  COMMENTS: _____

Deponent knows the person served to be the defendant and Deponent is not a party to the action.
SWORN TO Before me this

_23_ day of _April_ _2019_ .

_____
Deputy Sheriff, Richland County

P. WILKES
S# 1195

_Kenneth Coleman_
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES _____
P.O. Box 143 Columbia, SC 29202

KENNETH COLEMAN
Notary Public, South Carolina
My Commission Expires
July 15, 2024



# Richland County Sheriff's Department

LEON L. LOTT. JR.
Sheriff

Kalishwar Das
1505 The Crossing
Rock Hill, SC 29732

April 24, 2019

Re: US Dept. of Labor Wage & Hour Division

Dear Sir/Madam:

On 4/9/2019, this department received a civil paper from your office. Please find the enclosed Affidavit of Service/Non Service for the above reference case.

I am pleased to be of service and if my Department can assist you in the future, please call upon my Civil Process Division at (803) 576-3151.

Sincerely,

Leon Lott
Richland County Sheriff

**U.S. Department of Labor**
www.dol.gov/whd

Wage & Hour Division
Columbia District Office
1835 Assembly Street
Room 1072, Suite 1072
Columbia, SC 29201
Phone: 803-765-5981



CERTIFIED MAIL RETURN RECEIPT REQUESTED: # 7015 0640 0003 6107 0745

April 3, 2019

Mr. Rajesh Hassani, President
Pushpa, Inc.
749 Albright Road
Rock Hill, SC 29730



Subject:      Administrator's Determination Pursuant to Regulations at 20 C.F.R. Part 655
              H-1B Specialty Occupations under the Immigration and Nationality Act (INA)
              administered by the Department of Labor (DOL)

Reference #:    1862767

Dear Mr. Hassani:

Based on the evidence obtained in the recently concluded Wage and Hour Division investigation
of Pushpa, Inc., under the H-1B provisions of the INA, as amended, (8 U.S.C. § 1182(n)), it has
been determined that your firm committed the following violation: failed to otherwise comply
with Subpart H and I. Any Labor Condition Application (LCA) (Form ETA 9035 and/or ETA
9035E) included in this investigation is enclosed.

The specific violation and the remedy imposed for each violation are set forth on the enclosed
Summary of Violations and Remedies. No civil money penalty is assessed as a result of the
violation. Your firm is liable for any ongoing violations.

You and any interested party have the right to request a hearing on this determination. Such
request must be dated, be typewritten or legibly written, specify the issue(s) stated in this notice
of determination on which a hearing is requested, state the specific reason(s) why the requestor
believes this determination to be in error, be signed by the requestor or by an authorized
representative, and include the address at which the requestor or the authorized representative
desires to receive further communications relating to the hearing request.

The request must be made to and received by the Chief Administrative Law Judge (OALJ) at the following address no later than 15 calendar days after the date of this determination:

> U.S. Department of Labor
> Chief Administrative Law Judge
> ATTN: Deputy Secretary of BALCA
> 800 K Street NW., Room 400 North
> Washington, DC 20001-8002

If you or any interested party do not make a timely request for a hearing, this determination will become a final and unappealable order of the Secretary of Labor.

The procedure for filing a request for a hearing is provided in 20 C.F.R. § 655.820. Please note that 20 C.F.R. § 655.820(f) requires that a copy of any such request for a hearing must also be sent to me and to those parties listed below who were provided a copy of this determination. The Department of Labor will notify any complainant and interested parties of any appeal. Due to the delayed delivery of mail in certain areas, you may wish to transmit your request to the OALJ via facsimile at 202-693-7365 to ensure timely receipt.

In the event that a hearing is timely requested, it is possible that there will be a final agency action (either a decision by an administrative law judge or any appeal decision by the Administrative Review Board) which finds that there was a violation which requires that the employer be denied the opportunity to sponsor any alien for employment for a period of time. If such a final agency action is entered, the U.S. Department of Labor's Employment and Training Administration (ETA) and the Department of Homeland Security (DHS) shall be so notified, pursuant to 20 C.F.R. § 655.855(a). The DHS (formerly the Attorney General), upon notification, is required to deny any petitions filed by your business under § 204 (8 U.S.C. § 1154) and § 214(c) (8 U.S.C. § 1184(c)) of the INA for a period of at least one to three years from the date of receipt of the notification. Upon receipt of the notification, ETA will be required to invalidate any current LCA(s) (with respect to new hires only) and not accept for filing any new LCA(s) for the period of time for which the firm is debarred by the DHS.

A copy of 20 C.F.R. Part 655 subparts H and I can be found at the following web address: http://www.gpo.gov/fdsys/pkg/CFR-2014-title20-vol1.

Sincerely,

Jamie Benefiel
District Director

Enclosures:    Copy of LCA
               Summary of Violations and Remedies

2

## Summary of Violations and Remedies
## Pushpa, Inc.

**Violation:**  Pushpa, Inc. failed to comply with the provisions of subpart H or I in violation of 20 C.F.R. §655.730(c)(4).  See  20 C.F.R. §655.805 (a) (16).

Pushpa, Inc. assigned work to an H-1B worker that was not within the occupational classification listed on the LCA.

**Remedy**:  No civil money penalty is assessed.  Pushpa, Inc. is ordered to comply with 20 C.F.R. §655.730(c) (4) in the future.  Pushpa, Inc. is required to take appropriate action to correct any violation, and to comply in the future.

4

cc:    Chief Administrative Law Judge
800 K Street NW., Room 400 North
Washington DC 20001-8002
(with a copy of complaint per 20 C.F.R. § 655.815(b))

U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, NW, Room N-2716
Washington, DC 20210

Regional Administrator
Wage and Hour Division
U.S. Department of Labor
61 Forsyth Street SW, Room 7M40
Atlanta, GA  30303

Office of the Regional Solicitor
U.S. Department of Labor
61 Forsyth Street SW, Room 7T10
Atlanta, GA 30303

Fisher & Phillips LLP
Attn:  Matthew Korn
1320 Main Street, Suite 750
Columbia, SC 29201

Complainant and other interested parties

3